## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FOUAD MAKSOUD and SAMAR KLEIB,

  857 Beacon St
  Boston, MA 02215

  Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
STATE,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

U.S. CONSULATE, Beirut, Lebanon,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

MICHAEL POMPEO, United States Secretary of
State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;

DOROTHY C. SHEA, Ambassador of the United
States at the U.S. Consulate, Beirut, Lebanon,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

Case No. 1:20-cv-01849

Defendants.                              |

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' DIVERSITY VISA APPLICATIONS**

COME NOW Plaintiffs Fouad Maksoud and Samar Kleib to respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' diversity visa applications based on the National Interest Exemption, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' diversity visa applications.

**PARTIES**

1.      Plaintiffs Fouad Maksoud and Samar Kleib are citizens of Lebanon.

2.      Plaintiffs are lawfully-married husband and wife.

3.      Plaintiff Fouad Maksoud is a Biochemist and a Petrochemical Engineer. He has a Masters Degree in Chemical Engineering and Graduate Studies in Mechanical Engineering from the American University of Beirut. His research specialty at Harvard Medical School involves 3D Bioprinting of Organs, Organs on Ships, Biotechnology and Electrospinning Nanotechnology for advanced medical materials. Fouad patented in the US (USPTO) a drug delivery system for i) wounds and third-degree burns, ii) diabetes ulcers and iii) muscle strains.

4.      On May 7, 2019, Defendant U.S. Department of State notified Plaintiff Fouad Maksoud that he had been selected in the Diversity Immigrant Visa Program for Fiscal Year 2020. The Diversity Visa program is an annual (by fiscal year) process by which individuals from countries with a relatively small number of immigrants to the United States by other means (family sponsorship, employment) are invited to apply for immigrant visas.  8 U.S.C. § 1153(c)(1).  The process of allocating these visas is "competitive and complicated," requiring, first, entry into a visa "lottery" during a month-long period established by the State Department.  Visa numbers are issued in ranked orders based on the number of immigrants from particular parts of the world in previous fiscal years.  22 C.F.R. § 42.33(c).

5.      This "lottery" awards not immigrant visas themselves, but the ability to apply for such a

visa.  Once their visa number is "current" based on the Department of State's monthly visa bulletin, the prospective immigrant is able to submit the required documentation—an extensive and time-consuming process, involving criminal background checks, educational documents, and a lengthy visa application form.

6.      The vagaries of the visa bulletin mean that some prospective applicants are able to apply for their visas in spring, others in summer, and still others not at all.  That last unfortunate category is because the Diversity Visa program comes with a major catch: at the conclusion of each fiscal year, the door slams shut.  "Because the diversity visa program restarts each fiscal year, consular officers may not issue diversity visas after  midnight on September 30 of the selection Fiscal Year.  8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(a)(1), (d); see 31 U.S.C. § 1102."  Any applicant who, for any reason ranging from their own inaction to a blanket presidential ban on the issuance of visas to certain classes of immigrants, has not received a visa before October 1 will not receive a visa and will not be able to obtain lawful permanent resident status.  8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(a)(1), (d).

7.      Since September of 2019, Plaintiff Fouad Maksoud has been part of the Engineered Living Systems at Harvard Medical School and Brigham and Women's Hospital in Boston, Massachusetts. Following the COVID-19 outbreak, Plaintiff Fouad Maksoud managed a team at the hospital to invent, design and develop an innovative respiratory ventilation system for the recovery of COVID-19 patients. Plaintiff Fouad Maksoud has won numerous international awards such as MIT Technology Review's Innovators under 35, Forbes 30 Under 30, the Best Innovator Award in the Middle East and North Africa, Arab Youth Pioneer at the World Government Summit and Outstanding Research Award from the American University of Beirut.

8.      After his visa priority date became current, Plaintiff Fouad Maksoud filed his DS-260 with the Defendants on February 15, 2020.  Plaintiff paid the applicable visa fees and submitted all necessary documents to the Defendants.  His case was assigned Case Number AA008XZ925.

9.      As his lawful spouse, Plaintiff Samar Kleib also filed her derivative DS-260 on February 15, 2020. Her case was assigned Case Number AA009MRKBD.

10.     On March 19, 2020, the Defendants notified the Plaintiffs that they had properly "submitted all required documents to the Kentucky Consular Center and are ready to be scheduled for an interview when your case becomes current."

11.     Despite the coronavirus pandemic and the closure of embassies across the globe, the State Department conducted Plaintiffs' visa interviews as an exception and expedited appointment at the U.S. embassy in Beirut, Lebanon, on or about May 20, 2020. The consular official congratulated the Plaintiffs and told them that their visas would be issued on the National Interest Exemption within 48 hours.

12.     The Defendants refuse to issue the diversity visas to Plaintiffs.

13.     Defendants continue to refuse to issue the visa and refuse to provide information as to when, if ever, the visa may be issued.  This has produced a tremendous hardship on the Plaintiffs and major delays in prototyping the ventilator for the recovery of COVID-19 patients.

14.     Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Beirut, Lebanon, and which is responsible for implementing the diversity visa provisions of the law.

15.     Defendant Consulate of the United States in Beirut, Lebanon (hereinafter sometimes referred to as "the  Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the diversity visa program.

16.     Defendant Michael Pompeo, Secretary of State, is the highest ranking official within the DOS.  Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Pompeo is sued in his official capacity as an agent of the government of the United States.

17.     Defendant Dorothy Shea, Ambassador of the Consulate of the United States in Beirut,

Lebanon.  She is being sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

18.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 USC § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

19.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

20.     This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made a final determination on Plaintiff's visa application, despite the consular official mentioning that they qualified for the National Interest Exemption.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

21.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

22.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

23.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

24.     The Defendants claim that the visa applications filed by Plaintiffs are currently marked ready on the official State Department website, ceac.state.gov.

25.     Plaintiffs allege that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the visa applications.

26.     The combined delay and failure to act on the visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations, specifically the National Interest Exemption contained in the Presidential Proclamation.

27.     There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

28.     Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of Plaintiffs' case with the Defendants.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

29.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

30.     The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

31.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

32.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by denying Plaintiffs the ability to come to the U.S. to fulfill the purpose of the diversity visa and

executing the prototyping phase of the ventilator system for the recovery of COVID-19 patients in a global pandemic which may save American lives, and solve major problems that US hospitals, such as Brigham and Women's Hospital that the Plaintiff Fouad Maksoud is part of, are facing during COVID19, such as: medical oxygen shortage, shortfall of health care providers and the protection of first line fighters.

**THIRD CLAIM FOR RELIEF**
**(Administrative Procedure Act (5 U.S.C. § 500 Et Seq.))**

For the third claim for relief against all Defendants, Plaintiffs allege and state as follows:

33.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

34.     On April 22, 2020, the President signed the Proclamation Suspending Entry of Immigrants Who Present Risk to the U.S. Labor Market During the Economic Recovery Following the COVID-19 Outbreak. Proclamation (Apr. 22, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-suspending-entry-immigrants-present-risk-u-s-labor-market-economic-recovery-following-covid-19-outbreak/ (hereinafter referred to as "Proclamation Apr. 22").

35.     The Proclamation states that "[t]he entry into the United States of aliens as immigrants is hereby suspended and limited subject to section 2 of this proclamation." *Id.* The suspension of entry applies to aliens who: "(1) are outside the United States on the effective date of this proclamation; (ii) do not have an immigrant visa that is valid on the effective date of this proclamation; and, do not have an official travel document other than a visa."

36.     Section 2 of the Proclamation lists categories of immigrants to whom the suspension of entry does not apply, including: lawful permanent residents, health care professionals, EB-5 investors, spouses of U.S. citizens, minor children of U.S. citizens, immigrants assisting various governmental agencies, members of the armed forces and their families, immigrants seeking a Special Immigrant Visa and, finally, immigrants whose entry would be in the national interest. Section 3 directs the Secretaries of

State and Homeland Security to implement procedures for the implementation of the Proclamation.

37.     The Proclamation was amended and extended by the Proclamation Suspending Entry of Aliens Who Present a Risk to the U.S. Labor Market following the Coronavirus Outbreak issued on June 22, 2020. The Proclamation includes an exclusion for aliens whose entry would be in the national interest." The Plaintiffs also demonstrated that they had the financial wherewithal to support themselves.

38.     The work of Plaintiff Fouad Maksoud is in the national interest of the U.S. His work to help with the fight against COVID-19 has been recognized by consular officials at the U.S. embassy in Beirut, Lebanon and the diversity visa for both Plaintiffs should be approved.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Fouad Maksoud and Samar Kleib requests the following relief:

1.      That this Honorable Court assume jurisdiction over this action;

2.      That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3.      That this Honorable Court take jurisdiction of this matter and adjudicate the visas pursuant to this Court's declaratory judgment authority;

4.      That this Honorable Court issue a writ of mandamus compelling Defendants to issue the visas;

5.      That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa application;

6.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.      Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**

July 9, 2020

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**

- 9 -